## H. F. MARK v. D. R. SPECK ET AL.

### APPEALS BY D. ROEBUCK AND WM. ULRICH FROM THE COURT OF COMMON PLEAS OF LEBANON COUNTY.

Argued February 17, 1890—Decided March 3, 1890.

Where the plaintiff in a judgment against two or more defendants is without knowledge of the relations of the latter with each other, as principals or sureties, or that one tract of one of them, subject to the lien of the judgment, has been conveyed, he has the right, upon the subsequent sale of another tract of the same defendant, to release the lien of the judgment therefrom and proceed against the tract first conveyed, unaffected by the provisions of § 9, act of April 22, 1856, P. L. 534.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

Nos. 466, 467 January Term 1890, Sup. Ct.; court below, No. 58 August Term 1886, C. P.

On May 10, 1886, a judgment was entered in favor of H. F. Mark against D. R. Speck, William Ulrich and John H. Speck. This judgment, on April 3, 1888, was assigned to Samuel Fry, who on May 1, 1888, assigned it to David M. Rank.

On July 9, 1888, Daniel Roebuck presented his petition, averring in substance as follows :

That in judgment No. 58 August Term 1886, wherein D. M. Rank was use plaintiff, and D. R. Speck, William Ulrich and John H. Speck defendants, a fieri facias had issued to No. 6 September Term 1888; that said judgment was founded upon judgment bond for $1,500, payable to H. F. Mark, in which William Ulrich was a surety for the other two defendants; that on April 3, 1888, Mark assigned said judgment to Samuel Fry;

that John H. Speck paid $500 on it on April 5, 1888, and assigned it to Rank, the then use plaintiff, on May 1, 1888; that said judgment was a first lien on John H. Speck's real estate worth $6,500; that it was also a first lien on two tracts of Ulrich's land; that Ulrich conveyed one tract so bound to the petitioner on March 6, 1888, for the sum of $550, he paying the said sum in full to Ulrich, and receiving his deed therefor on said date; that Ulrich conveyed the other tract so encumbered to Samuel Fry, some time after February 28, 1888, Fry protecting himself against loss from the liens of Ulrich's judgments, which amounted to $4,200, by retaining a part of the purchase money till all were paid except the Mark judgment, an amount equal to which he did not pay to Ulrich until Rank, the then use plaintiff, released the farm purchased from Ulrich from the lien of the Mark judgment, on May 15, 1888; that the sheriff, under instructions from the plaintiff Rank, had only attempted to levy on Ulrich's property, and not finding any personal property, had levied on the land conveyed by Ulrich to the petitioner, and that John H. Speck had personalty enough to satisfy the debt; praying the court "to set aside said levy made on your petitioner's land, and further, to make an order directing the sheriff to levy upon any personal property either of the other two defendants may possess, and not to levy again upon the tract of land of the said Daniel Roebuck, until he finds that there is not sufficient of such personal property or real estate of the principal debtors to satisfy said judgment; and to grant such other and further relief as to the court might seem meet and proper."

On the same day, a rule was granted as prayed for, which was served on David M. Rank, the use plaintiff.

An answer was filed by the respondent, which admitted the material averments of the petition, except that it was alleged that William Ulrich and John H. Speck were sureties for D. R. Speck, and that William Ulrich and D. R. Speck were insolvent.

Testimony having been taken and filed, and hearing had, the court, McPHERSON, J., on November 1, 1888, filed the following opinion:

We find the facts of this controversy to be as herein stated:

On May 10, 1886, the judgment bond in question was entered of record. It was given for a debt of $1,500 to H. F. Mark by D. R. Speck, as principal, and William Ulrich and John H. Speck, as sureties. When entered, it became a first lien upon two tracts of land then owned by Ulrich, and certain real estate owned by John H. Speck. On March 6, 1888, Ulrich conveyed one tract to Daniel Roebuck, the petitioner, for $550, and received the purchase money in full, shortly afterwards conveying the other tract to Samuel Fry for $5,865. On April 3, 1888, Mark assigned the judgment to Fry, who on May 1st assigned it to David M. Rank, the present use plaintiff. On April 5th, John H. Speck paid $500 on account of the debt. On May 15th, Rank released the land conveyed to Fry by Ulrich from the lien of the judgment, and on June 11th the present fieri facias was issued and levied upon the tract sold by Ulrich to Roebuck. Both Ulrich and D. R. Speck are insolvent. Roebuck now asks us to relieve his land, and to compel the plaintiff to make his money out of the personal or real property of John H. Speck, mainly on the ground that the release of May 15th was such an injury to his rights as to wholly relieve him from liability.

The evidence, however, does not make out the injury asserted. So far as appears, Rank had no knowledge who was the principal in the bond and who were the sureties, nor did either Mark or Rank have any knowledge of the sale by Ulrich to Roebuck. Upon this important fact of notice, there is no evidence whatever. It seems clear enough, therefore, that Rank might treat the three signers as principals, if he chose, and might release a portion of the property owned by one of them if he saw fit to do so. Not knowing their several rights, so far as appears, he might do with his own what he pleased, and if thereby he hurt the petitioner seriously, the latter has no one to blame but himself. A judgment creditor is not bound to search for subsequent purchasers or encumbrancers; it is their duty to warn him of their rights, if they intend to hold him responsible for future injury thereto. As is said in McIlvain v. Mut. Assurance Co., 93 Pa. 34, " A mortgagee may, at the request of the mortgagor, release part or the whole of the mortgaged premises, without inquiring whether a junior encumbrancer has intervened. It is the duty of the latter, if he intends to claim an

equity through the prior encumbrance to give the holder notice, so that he may act with his own understandingly, and if he fails to do so the consequences of his neglect must be visited on himself." See also Horning's App., 90 Pa. 391; Conrad's App., 11 W. N. 523; Schrack v. Shriner, 100 Pa. 456. In our opinion, this principle is decisive of the present controversy and requires us to refuse the prayer of the petitioner.

Rule discharged and petition dismissed at the costs of the petitioner.

Thereupon, on December 12, 1888, William Ulrich presented his petition setting forth that an alias fieri facias had issued on said judgment to No. 30 December Term 1888; that Roebuck had presented his petition on July 9, 1888, reciting the proceedings thereon; that the deed he had made to Roebuck on March 6, 1888, was a deed with general warranty, and that he had received full consideration therefor on the execution thereof; that in its opinion, filed November 1, 1888, the court had adjudged himself and John H. Speck co-sureties for D. R. Speck; that he had been no party to said proceeding, had had no notice of it, and no knowledge of it, except he was called as a witness to testify; that in fact he was but surety for the other two defendants in said judgment; that he had informed Samuel Fry, before the latter became the owner of the judgment, that he was only a surety for the other obligors, and that he had sold the tract levied on under fieri facias No. 6 September Term 1888, to Roebuck; that he had notified D. M. Rank on November 13, 1888, when he issued the alias fieri facias, that he had so informed Fry, and that if he, Rank, would not pursue the lien he had by reason of the issuance of the fieri facias on the personal property of John H. Speck, which was sufficient to pay the debt in full, he would hold himself relieved from all liability; praying the court, upon the foregoing averments, " to grant him a rule on D. M. Rank, John H. Speck and Daniel Roebuck to show cause why David M. Rank should not levy the remainder of said debt due on judgment No. 58 August Term 1886, from the personal property and real estate of the other two defendants in the judgment; why the levy made and the inquisition had on the real estate of Daniel Roebuck under alias fieri facias No. 30 De-

cember Term 1888, should not be set aside and the plaintiff restrained from levying again upon the property of this petitioner or the real estate of Daniel Roebuck, his grantee; or, to grant him a rule on D. M. Rank, John H. Speck and Daniel Roebuck to show cause why he should not be made a party to the proceedings on said rule of Daniel Roebuck; why said adjudication should not be opened and he be allowed to become a party to said petition of Daniel Roebuck, and be permitted to file a replication to said answer of D. M. Rank, and the cause be re-heard as if no adjudication had been had; or, to grant such other and further relief as to your honorable court may seem meet and proper."

The same day, the court granted a rule " upon D. M. Rank, John H. Speck and Daniel Roebuck, to show cause why D. M. Rank should not levy upon and make sale of the real estate liable to execution for the payment of his said judgment in the proportion or succession in which the properties of the several owners shall in law or equity be liable to contribute towards the discharge thereof; or otherwise, upon payment of said judgment, to assign the same for such uses as the court may direct."

To the foregoing rule D. M. Rank made no answer. John H. Speck made answer, admitting the material averments of the petition, but averring that he and William Ulrich were co-sureties for D. R. Speck, and that D. R. Speck and William Ulrich were insolvent. Roebuck answered that the facts set forth in Ulrich's petition were true, and prayed the court to open the adjudication upon the former rule, and to allow him to become a party petitioning with Ulrich on the last rule granted.

Testimony having been taken and filed, and argument had, on March 28, 1889, the court, McPHERSON, J., filed the following opinion :

The petitioner's equity is put upon the ground, that he was a surety for John H. Speck, and not a co-surety with him for Daniel R. Speck. The fact was found to be otherwise, however, in an earlier stage of this proceeding before he became a formal party on the record, and we now re-affirm that finding. It is therefore of little consequence that he denied the fact and

gave Fry notice of his denial. His denial and notice did not
establish his claim; they simply made it known to Fry, so that
he was obliged to take the risk of its being well founded, and
must now go for nothing since the claim itself has not been
made out.

Further, there is no proof that Rank, who released the Fry
farm, had then any notice of Ulrich's claim. It is true, that
the assignee of a bond takes it subject to any defence which
the obligor may have against the obligee, but this rule does
not govern the case in hand. Ulrich's claim is not a defence
against Mark, the obligor; it is an equity alleged to exist be-
tween himself and another obligor, and about this Rank was
not bound to inquire. Fry's knowledge of the claim did not
bind Rank, who took the bond subject only to such defences
as might be made to the instrument itself.

But, even if Fry's knowledge of Ulrich's claim is to be im-
puted to Rank, it still remains true that the claim has not been
proved, and the situation would then be this : Rank, with im-
puted knowledge that Ulrich was a co-surety with John H.
Speck, (for he could only be bound by the fact, and not by Ul-
rich's claim, opposed to the fact,) released certain realty of Ul-
rich, having already received from Speck $500 on account of
the debt, and is now seeking to collect about the same amount
from Ulrich's remaining property. No injury, therefore, was
done to Ulrich by the release, which relieved a part of his land
of a burden, and he is now asked to contribute only the same
amount as has already been paid by his co-surety. If he had
already sold the remainder of his land to Roebuck, by an unre-
corded deed, and may be obliged to indemnify him for its loss,
this comes to the same result as if the land were still his own.
Upon Roebuck's petition, decided November 1, 1888, upon the
facts then before us, no ground whatever for interference was
shown. The subsequent petitions to which Ulrich is a party,
add the fact of notice to Fry, but for reasons given above do
not justify us in controlling the execution. Rule discharged.

Thereupon Daniel Roebuck took the appeal to No. 466,
specifying that the court erred :

1. In finding that John H. Speck and William Ulrich were
co-sureties for D. R. Speck in judgment No. 58 August Term
1886.

Opinion of the Court.

2. In not making any order directing in what succession the properties of the several owners bound by the judgment should be liable to contribute towards its discharge.

3. In not making any order directing in what proportion the properties of the several owners bound by the judgment should be liable to contribute towards its discharge.

4. In not making any order directing to what uses the judgment should be assigned.

5. In not making any order controlling the execution thereon.

6. In discharging the rule and dismissing the petition of July 9, 1888.

And William Ulrich took the appeal to No. 467, specifying that, in addition to the foregoing, the court erred:

1. In not making an order, as prayed for in his petition, discharging Ulrich from all liability on the judgment, and the land of Roebuck from the lien thereof.

2. In not setting aside the levy made and inquisition had on alias fieri facias No. 30 December Term 1888, as prayed for in his petition.

3. In discharging the rule and dismissing the petition of December 12, 1888.

*Mr. B. M. Strouse,* for the appellants.

As to the conclusiveness of the findings of fact, counsel cited: Phillips's App., 68 Pa. 130; Sproull's App., 71 Pa. 137; Kutz's App., 100 Pa. 75; Hindman's App., 85 Pa. 466; Milligan's App., 97 Pa. 525. As to the applicability of § 9, act of April 22, 1856, P. L. 534: Croft v. Moore, 9 W. 451; Neff v. Miller, 8 Pa. 347; Arna's App., 65 Pa. 72; Phelps's App., 98 Pa. 546; Milligan's App., 104 Pa. 503; Richards v. Commonwealth, 40 Pa. 146; Commonwealth v. Miller, 8 S. & R. 457; Bellas v. Haas, 16 S. & R. 252; Lichtenthaler v. Thompson, 13 S. & R. 157.

*Mr. Thomas H. Capp* and *Mr. Geo. B. Schock,* for the appellee, were not heard.

PER CURIAM:

A careful examination of the record in the above cases fails

to disclose error.  The learned judge below has sufficiently vindicated his decree by his opinion.

> The decree is affirmed in each case and the appeals dismissed at the costs of the appellants.